IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEVIN SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER KLIEN and SHERIFF DUTTON,<br><br>Defendants. | CV 24-17-H-DWM<br><br>ORDER |

On February 16, 2024, Plaintiff Devin Sanchez filed a 42 U.S.C. § 1983 Complaint related to his detention at Lewis and Clark County Detention Center. (Doc. 2.) Sanchez has been advised that he must update the Court with any change of address, and that failure to do so may result in dismissal. (Docs. 3, 4, 6, and 10.) Defendants notified the Court that Sanchez has moved without notifying the Court, hampering their ability to conduct discovery. (Doc. 13.) Sanchez was directed to show cause why this matter should not be dismissed for failure to prosecute. (Doc. 15.) He has failed to respond.

I.   **Failure to Prosecute**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626,

1

633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Sanchez has failed to notify the Court of his change of address. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Sanchez refuses to provide notice of where he may be served, or fails to respond to an order to show cause.

2

Sanchez's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Here, Sanchez has been advised that he must act, and he has failed to respond. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II. CONCLUSION

Given Sanchez's failure to advise the Court of his address, no further resources of the Court should be expended, and Sanchez's Complaint will be dismissed.

Accordingly, it is HEREBY ORDERED:

1. This matter is DISMISSED for failure to prosecute. The Clerk of Court is directed to close the case and enter judgment.

2. The Clerk shall have the docket reflect that this dismissal counts as a strike against Sanchez within the meaning of 28 U.S.C. § 1915.

3. The Clerk of Court shall have the docket reflect that appeal of this matter would not be taken in good faith. Fed. R. App. Proc. 24(a)(3)(A).

DATED this 21st day of January, 2025.

Donald W. Molloy, District Judge
United States District Court